I must respectfully dissent. I believe that the trial court was correct in its decision to grant appellees' motion for summary judgment and its judgment should be affirmed. I do not believe that after construing the evidence in a light most favorable to appellant, that a reasonable person could conclude that appellees committed an intentional tort.
While it can be argued that appellees may have been negligent, their actions did not rise to the level of an intentional tort. The risk of using a saw blade is open and obvious, and appellant surely appreciated the danger of allowing his hand to come in contact with the blade. Accidents in the workplace do occur, and simply because two accidents have occurred on the same saw within three years does not show that an accident is "substantially certain" to occur. We must be mindful that the Ohio Supreme Court has stated that evidence that an employer "deliberately removed a safety guard from the equipment" that caused the injury to the employee, is to be considered "as just one part of the evidentiary picture." Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,118.
Further, while appellant's injuries were severe, it must be noted that summary judgment against appellant did not foreclose all methods of recovery. The Workers' Compensation System was expressly created for such accidents as appellant's because it provides recovery for individuals and their dependents for "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Appellant's recovery for his injuries should come through Workers' Compensation, and not through a civil intentional tort action.